NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| LYDIA T., | ) | |
| | ) | Supreme Court No. S-15256 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-11-00134 CN |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, | ) | AND JUDGMENT* |
| DEPARTMENT OF HEALTH & | ) | |
| SOCIAL SERVICES, OFFICE OF | ) | No. 1488 – April 2, 2014 |
| CHILDREN'S SERVICES, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Vanessa White, Judge.

Appearances: Michael A. Rose, Frontier Law Group, LLC, Anchorage, for Appellant. Margaret Paton-Walsh, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

1.      Lydia T.[1] appeals the termination of her parental rights to her young daughter Amanda; she contends that the trial court should have deferred the termination

---

\*      Entered under Appellate Rule 214.

[1]      We use pseudonyms to protect the privacy of the parties.

trial. Because she failed to preserve the issue, we affirm the trial court's order.

2. Lydia has a long history of substance abuse. Amanda was removed from Lydia's care because of Lydia's substance abuse and domestic violence between Lydia and her husband. Within months of Amanda's removal, Lydia was arrested and charged with multiple felonies. Lydia began to address her substance abuse and mental health problems while she was in jail, and she went from jail to treatment. She remained in treatment at the time of the termination trial.

3. The only point Lydia argues on appeal is that the trial court erred by not deferring the termination trial until Lydia was able to complete treatment. But Lydia does not point to any document, motion, objection, or argument in the trial court showing that she asked the Office of Children's Services (OCS) to defer the trial or protested to the trial court about the timing of the petition, and our review of the record does not disclose any. Lydia did not move for a continuance of the trial and did not otherwise bring to the trial court's attention the statutory basis for her appeal, AS 47.10.088(e).[2] Because Lydia failed to raise the issue in the trial court at all, she did not preserve this issue for appeal; as a consequence, she has forfeited raising the issue on appeal.[3]

4. We AFFIRM the trial court's order terminating Lydia's parental rights to Amanda.

---

[2] AS 47.10.088(e) sets out reasons that OCS may vary from statutory deadlines for filing termination proceedings.

[3] *G.C. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 67 P.3d 648, 655 n.25 (Alaska 2003) (citing *Brandon v. Corrs. Corp. of Am.*, 28 P.3d 269, 280 (Alaska 2001)).